IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

Case No.:
Division:

CONSTANCE REAVES,

    Plaintiff,

vs.

JACKSONVILLE SHERIFF'S OFFICE,
SERGEANT DEREK W. PORTER in his individual capacity,
OFFICER DANIEL E. BRANNON in his individual capacity,
DETECTIVE MICHAEL SCOTT CLARK in his individual capacity,
ASAP TOWING & STORAGE COMPANY, and
JOHN DOES 1-5.

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CONSTANCE REAVES, by and through the undersigned counsel, and sues Defendants, JACKSONVILLE SHERIFF'S OFFICE, SERGEANT DEREK W. PORTER in his individual capacity, OFFICER DANIEL E. BRANNON in his individual capacity, DETECTIVE MICHAEL SCOTT CLARK in his individual capacity, ASAP TOWING & STORAGE COMPANY, and JOHN DOES 1-5 and alleges:

1.     This is an action for damages in excess of $15,000.00, exclusive of interests, costs, and attorney's fees.

2.     Venue is proper because Plaintiff's vehicle is located in Duval County, Florida and the seizure of Plaintiff's vehicle and subsequent deprivation of an adversarial preliminary hearing occurred in Duval County, Florida.

## GENERAL ALLEGATIONS

3.     Plaintiff alleges violations of the Florida Contraband Forfeiture Act, Florida Statute 932.701, et seq., (hereinafter the "FCFA") and the 14th Amendment of the Constitution of the United States.

4. Plaintiff CONSTANCE REAVES (hereinafter "Plaintiff") is a resident of Jacksonville, Duval County, Florida.

5. Defendant JACKSONVILLE SHERIFF'S OFFICE (hereinafter "JSO") is the joint city-county law enforcement agency, which has primary responsibility for law enforcement, investigation, and corrections within the consolidated City of Jacksonville and Duval County, Florida.

6. Defendant SERGEANT DEREK W. PORTER (hereinafter "Porter") is an employee of JSO and DETECTIVE MICHAEL SCOTT CLARK's immediate superior.

7. Defendant OFFICER DANIEL E. BRANNON (hereinafter "Brannon") is an employee of JSO.

8. Defendant DETECTIVE MICHAEL SCOTT CLARK (hereinafter "Clark") is an employee of JSO's Forfeiture Unit.

9. Defendant ASAP TOWING & STORAGE COMPANY (hereinafter "ASAP") is a Florida profit corporation doing business in Duval County, Florida.

10. Plaintiff's 2014 Toyota VIN: 2T1BURHE0EC187027 was seized by JSO on June 24, 2015.

11. The 14th Amendment of the Constitution of the United States states "...nor shall any state deprive any person of life, liberty, or property, without due process of law."

12. Pursuant to the Florida Statute § 932.703(2)(a), Plaintiff made a timely request to JSO for a post-seizure adversarial preliminary hearing.

13. Plaintiff had a clearly established right to due process before being deprived of her vehicle.

14. According to the JSO webpage, JSO has a Forfeiture Unit "responsible for handling all seized money, vehicles and personal property going through the state legal system. This includes reviewing seizures, collecting associated documentation and filing any necessary paper work. The Unit also releases any vehicles necessary and negotiates settlements on vehicles and money that have been seized for forfeiture."

15. JSO failed to set and notice the hearing, which must be held within 10 days after the request is received or as soon as practicable thereafter pursuant to Florida Statute § 932.703(2)(a).

16. Pursuant to Florida Statute § 932.704(9)(a) "[w]hen the claimant prevails at the conclusion of the forfeiture proceeding, if the seizing agency decides not to appeal, the seized property shall be released immediately to the person entitled to possession of the property as determined by the court. Under such circumstances, the seizing agency shall not assess any towing charges, storage fees, administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding."

17. JSO has a contract with ASAP for towing and storage services and is storing Plaintiff's vehicle at an ASAP facility.

18. JSO failed to initiate forfeiture proceedings and transferred Plaintiff's vehicle to ASAP to avoid having to absorb the towing charges, storage fees, administrative costs, or maintenance costs of not prevailing at a forfeiture proceeding.

19. JSO's policy and procedure of not initiating forfeiture proceedings is a scheme that deprived Plaintiff of property without due process in violation of the 14th Amendment of the Constitution of the United States.

20. Defendants Porter, Brannon, Clark, and John Does 1-5 conspired to deprive Plaintiff of her vehicle in violation of her right to due process guaranteed by the 14th Amendment of the Constitution of the United States.

21. Defendants Porter, Brannon, Clark, and John Does 1-5 at all times had knowledge of Florida Statute § 932.703(2)(a) and Plaintiff's right to an adversarial preliminary hearing.

22. All conditions precedent to this action have occurred or have been waived.

23. As a result of Defendant's actions, Plaintiff has been forced to retain the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

<u>Count I – Replevin</u>
<u>Against Defendants JSO and ASAP</u>

24. Plaintiff realleges those allegations contained within paragraphs 1-23 above and incorporates them herein by reference.

25. This is an action to recover possession of personal property in Duval County, Florida, more particularly described as: 2014 Toyota VIN: 2T1BURHE0EC187027.

26. That to the best of my knowledge, information, and belief of Plaintiff, said property is valued at $20,000.00, and is located at ASAP Towing & Storage Co. 10053 103rd St. Jacksonville, Florida 32210.

27. That Plaintiff is owner of, or entitled to possession of, said property 2014 Toyota VIN: 2T1BURHE0EC187027 (Exhibit A).

28. That said property is wrongfully detained by Defendants JSO and ASAP; that Defendants JSO and ASAP came into possession of said property by means of wrongful seizure under the Florida Contraband Forfeiture Act, Florida Statute § 932.701, *et seq.*, and failure to initiate forfeiture proceedings and schedule an adversarial preliminary hearing, and that, to the best of Plaintiff's knowledge, information, and belief, the cause of detention by Defendants JSO and ASAP is failure to file a forfeiture action in the time allowed by law, set an adversary preliminary hearing, or return the subject vehicle.

29. That said property has not been taken for a tax, assessment, or fine pursuant to law; that said property has not been taken under execution or attachment against the property of the Plaintiff.

WHEREFORE, Plaintiff CONSTANCE REAVES demands judgment against Defendants JACKSONVILLE SHERIFF'S OFFICE and ASAP TOWING & STORAGE COMPANY for possession of her 2014 Toyota VIN: 2T1BURHE0EC187027, damages against Defendant JACKSONVILLE SHERIFF'S OFFICE, together with costs for this action.

### Count II – 42 U.S. Code § 1983 – Civil Action For Deprivation Of Rights Against Defendants JSO, Porter, Brannon, Clark, and John Does 1-5

30. Plaintiff realleges those allegations contained within paragraphs 1-23 above and incorporates them herein by reference.

31. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

32. The Florida Contraband Forfeiture Act, Florida Statute 932.703(2)(a) states as follows:

> Personal property may be seized at the time of the violation or subsequent to the violation, if the person entitled to notice is notified at the time of the seizure or by certified mail, return receipt requested, that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act. Seizing agencies shall make a diligent effort to notify the person entitled to notice of the seizure. Notice provided by certified mail must be mailed within 5 working days after the seizure and must state that a person entitled to notice may request an adversarial preliminary hearing within 15 days after receiving such notice. When a postseizure, adversarial preliminary hearing as provided in this section is desired, a request must be made in writing by certified mail, return receipt requested, to the seizing agency. The seizing agency shall set and notice the hearing, which must be held within 10 days after the request is received or as soon as practicable thereafter.

33. The 14th Amendment of the Constitution of the United States states that "...nor shall any state deprive any person of life, liberty, or property, without due process of law."

34. Plaintiff had a clearly established right to due process before being deprived of her vehicle.

35. JSO seized Plaintiff's 2014 Toyota VIN: 2T1BURHE0EC187027 on June 24, 2015.

36. JSO sent Plaintiff a Seizure of Property Notice on or about June 25, 2015 assigning the matter FORFEITURE#:32351 and CCR#:15-0428086.

37. Counsel for Plaintiff made a timely request for a postseizure adversarial hearing, in writing by certified mail, return receipt requested, to the Jacksonville Sheriff's Office on July 7, 2015. (Exhibit B and C).

38. JSO received the request for a postseizure adversarial hearing, in writing by certified mail, return receipt requested, on July 8, 2015 (Exhibit C).

39. Plaintiff had a right to an adversarial preliminary hearing within 10 days after the request was received, or as soon as practicable thereafter pursuant to Florida Statute § 932.703(2)(a).

40. Plaintiff's right to an adversarial preliminary hearing is required to protect Plaintiff's rights to due process of law before being deprived of her vehicle, as guaranteed by the 14th Amendment of the Constitution of the United States.

41. JSO failed to set and notice the adversary preliminary hearing which must be held within 10 days after the request is received or as soon as practicable thereafter pursuant to Florida Statute § 932.703(2)(a).

42. JSO's failure to set and notice the adversary preliminary hearing as required Florida Contraband Forfeiture Act, Florida Statute § 932.703(2)(a) deprived Plaintiff of her right to an adversarial preliminary hearing within 10 days after the request was received and thus the due process before deprivation of her vehicle as guaranteed by the 14th Amendment of the Constitution of the United States.

43. Pursuant to Florida Statute § 932.704(9)(a) "[w]hen the claimant prevails at the conclusion of the forfeiture proceeding, if the seizing agency decides not to appeal, the seized property shall be released immediately to the person entitled to possession of the property as determined by the court. Under such circumstances, the seizing agency shall not assess any towing charges, storage fees, administrative costs, or maintenance costs against the claimant with respect to the seized property or the forfeiture proceeding."

44. The Jacksonville Sheriff's Office refused to file a forfeiture action because it sought to avoid paying attorney's fees pursuant to Florida Statute § 932.704(10) and towing charges, storage fees, administrative costs, or maintenance costs pursuant to Florida Statute § 932.704(9)(a), and sought to entice Plaintiff into paying the towing fees that JSO incurred.

45. According to the JSO webpage, JSO has a Forfeiture Unit "responsible for handling all seized money, vehicles and personal property going through the state legal system. This includes reviewing seizures, collecting associated documentation and filing any necessary paper work. The Unit also releases any vehicles necessary and negotiates settlements on vehicles and money that have been seized for forfeiture."

46. JSO has a contract with ASAP for towing and storage services.

47. JSO failed to initiate forfeiture proceedings and transferred Plaintiff's vehicle to ASAP to avoid having to absorb the towing charges, storage fees, administrative costs, or maintenance costs of not prevailing at a forfeiture proceeding.

48. JSO's policy and procedure of not initiating forfeiture proceedings is a scheme that deprived Plaintiff of property without due process in violation of the 14th Amendment of the Constitution of the United States.

49. JSO's policies and procedures include not initiating forfeiture proceedings in cases where JSO would absorb the towing charges, storage fees, administrative costs, or maintenance costs.

50. JSO's policies and procedures, including not initiating forfeiture proceedings in cases where JSO would absorb the towing charges, storage fees, administrative costs, or maintenance costs deprived Plaintiff of her vehicle in violation of her right to due process guaranteed by the 14th Amendment of the Constitution of the United States.

51. Defendants JSO, Porter, Brannon, Clark, and John Does 1-5 conspired to and deprived Plaintiff of her vehicle in violation of her right to due process guaranteed by the 14th Amendment of the Constitution of the United States.

52. Defendants JSO, Porter, Brannon, Clark, and John Does 1-5 at all times had knowledge of Florida Statute § 932.703(2)(a) and Plaintiff's right to an adversarial preliminary hearing.

53. Defendants JSO, Porter, Brannon, Clark, and John Does 1-5 affirmatively refused to return Plaintiff's vehicle even though they had no intent of complying with FCFA.

54. All conditions precedent to this action have occurred or have been waived.

55. As a result of Defendant's actions, Plaintiff has been forced to retain the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

56. Plaintiff suffered mental anguish, humiliation, emotional distress, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, the illegal seizure of her vehicle, and loss of use of her vehicle.

WHEREFORE, Plaintiff CONSTANCE REAVES demands judgment for damages, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 against Defendants JSO, Porter, Brannon, Clark, and John Does 1-5, and all other relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

THOELE DRACH

JUSTIN SETH DRACH, P.A.

BY: _____

Justin Seth Drach, Esq.
Florida Bar No. 103016
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
5262 Commissioners Drive
Jacksonville, FL 32224
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
Primary Email: justindrach@drachlaw.com
Secondary Email: amandathoele@drachlaw.com
Attorneys for Plaintiff